[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13533

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN LATATE ONEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00125-GAP-LRH-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Shawn Oneal, a federal prisoner, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act,[1] and the denial of his motion to reconsider the order denying his compassionate-release motion. He asserts the district court abused its discretion in finding he did not allege a sufficient medical condition that substantially diminished his ability to provide self-care while incarcerated. He further contends the district court abused its discretion by finding that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. After review,[2] we affirm.

## I. DISCUSSION

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Under § 3582(c)(1)(A), as modified by the First Step Act, a district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[2] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A district court is not required to conduct the compassionate-release analysis in any particular sequence. *United States v. Tinker*, 14 F.4th 1234, 1238-39 (11th Cir. 2021).

## A. Extraordinary and Compelling Circumstances

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. We have held § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1251–62 (11th Cir.), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021). The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court determines the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13, comment. (n.1). As relevant here, the commentary lists a defendant's medical condition as a possible "extraordinary and compelling" reason warranting a sentence reduction. *Id.* A prisoner's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover.

*Id.*, comment. (n.1(A)).  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.*, comment. (n.1(D)).

A district court does not abuse its discretion by denying compassionate release to an inmate with medical conditions that may increase the risk of death or severe medical complications from COVID-19 where the inmate's conditions do not fall within the policy statement's stated medical conditions. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding no abuse of discretion where the district court found no extraordinary and compelling reasons because the inmate's "high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the existence of the COVID-19 pandemic").  Moreover, the catch-all provision does not grant to district courts, in addition to the Bureau of Prisons, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Bryant*, 996 F.3d at 1248, 1263, 1265.

The district court did not abuse its discretion in determining that Oneal's medical conditions did not rise to extraordinary and compelling reasons.  This Court in *Bryant* held the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A) and district courts may not reduce a sentence under

that statute unless a reduction would be consistent with § 1B1.13. The medical conditions that Oneal presented to the district court—hypertension, congestive heart failure, type 2 diabetes, high cholesterol, shortness of breath, and bilateral edema—were not consistent with the policy statement's listed medical conditions, as they were not terminal and were being properly managed while incarcerated.  U.S.S.G. § 1B1.13, comment. (n.1(A)); *Bryant*, 996 F.3d at 1248, 1263, 1265; *Giron*, 15 F.4th at 1346.  And while the CDC has advised that those with type 2 diabetes and heart conditions such as heart failure and hypertension are at increased risk of severe illness if they contracted COVID-19,[3] § 1B1.13 provides that an extraordinary and compelling reason exists if the defendant "is" suffering from a serious physical or medical condition that diminishes the ability of the defendant to provide self-care in prison or from which he is not expected to recover, not if the defendant is at risk of suffering from such a condition.  U.S.S.G. § 1B1.13, comment. (n.1(A)).  Moreover, the district court was not permitted to create extraordinary and compelling reasons warranting compassionate release beyond those listed in the policy statement. U.S.S.G. § 1B1.13, comment. (n.1(D)); *Bryant*, 996 F.3d at 1248, 1263, 1265.  Thus, under § 1B1.13, the district court did not abuse its discretion by denying Oneal's motion for failure to show extraordinary and compelling reasons.

---

[3] *See People with Certain Medical Conditions*, CDC, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 1, 2021).

B. *Section 3553(a) Factors*

In addition to determining whether Oneal offered extraordinary and compelling reasons, the district court concluded that relief was not warranted in light of the § 3553(a) factors. We recently held, in an appeal where the government acknowledged that extraordinary and compelling reasons existed, that a district court abuses its discretion if it fails to consider all applicable § 3553(a) factors before granting or denying a motion for compassionate release. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021); *see also Tinker*, 14 F.4th at 1240-41.

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are as follows: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.*

In situations where consideration of the § 3553(a) factors is mandatory, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *Tinker*, 14 F.4th at 1241.

Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient. *Id.* A sentence may be affirmed so long as the record indicates the district court considered a number of the factors. *Id.* "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Id.* (quotation marks omitted). "Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.*

The district court did not abuse its discretion in concluding that compassionate release was not warranted after considering the applicable § 3553(a) factors. Oneal argues that his medical history, personal characteristics, acceptance of responsibility, and remorse support compassionate release. In both its order denying compassionate release and the reconsideration order, the district court stated it was considering the § 3553(a) factors, and the record shows it considered multiple factors. *Id.*; *Cook*, 998 F.3d at 1184-85. Its finding the § 3553(a) factors did not support early release where Oneal had only served about 36 months of his 144-month sentence indicates the court considered the need to provide just punishment, adequate deterrence, and promote respect for the law. Its citation to another district court order denying compassionate release shows it also considered the nature and circumstances of his drug and gun offenses, his history and characteristics, and the need to protect the public. And despite Oneal's argument the district court

should have afforded more weight to his medical conditions, acceptance of responsibility, and remorse, the court had broad discretion to afford greater weight to the specified § 3553(a) factors. *See Tinker*, 14 F.4th at 1241. Thus, the district court did not abuse its discretion by denying Oneal's motion based on its consideration of the § 3553(a) factors.

## II.  CONCLUSION

The district court did not abuse its discretion in determining Oneal's medical conditions did not rise to extraordinary and compelling reasons, as his medical conditions were not consistent with those listed in the policy statement in U.S.S.G. § 1B1.13 and the district court was not permitted to create extraordinary and compelling reasons warranting compassionate release  beyond those listed in the policy statement.  Moreover, the district court did not abuse its discretion in concluding that compassionate release was not warranted after considering the applicable 18 U.S.C. § 3553(a) factors, basing its finding on the nature and circumstances of Oneal's drug and gun offenses, his history and characteristics, and the need to ensure adequate punishment, deterrence, and community protection.  Accordingly, we affirm.

AFFIRMED.